```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-61098-CIV-COHN
                              MAGISTRATE P. A. WHITE
```

ANDREW HOCHSTADT              :

    Plaintiff,            :

v.                            :        REPORT OF
                                                  MAGISTRATE JUDGE
DENNIS McHUGH,

    Defendant.            :
_____

### Introduction

The pro-se plaintiff, Andrew Hochstadt, filed a civil rights complaint pursuant to 42 U.S.C.§ 1983, while confined as a pre-trial detainee in the Ft. Lauderdale Main Jail, claiming that Defendant Dennis McHugh, Assistant Public Defender of Broward County, is not adequately representing him in his criminal case. He seeks injunctive relief in the form of an appointment of a private attorney to represent him during his criminal proceedings, and a jury trial. He is permitted to proceed in forma pauperis. (DE#2)

### Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

                    *   *   *

    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

```
                  *    *    *
        (B) the action or appeal –

                  *    *    *

        (i)  is frivolous or malicious;

        (ii) fails to state a claim on which
        relief may be granted; or

        (iii) seeks monetary relief from a
        defendant who is immune from such
        relief.
```

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law.  See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985).  The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998),See: Whitehorn, 758 F.2d at 1419 id.  Pro se complaints are held to

2

"less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

Claims

The plaintiff alleges that he has unsuccessfully attempted multiple times to have his public defender dismissed for ineffective representation, and has been penalized by being sent to the State Hospital. As of this date he has not been shown his psychiatric evaluations.

Analysis and Law

Review of this complaint reveals that it is insufficient for multiple reasons. While it is true that the plaintiff's complaint is not held to a heightened pleading standard, See: Twombley, supra, this complaint alleges the only bare and conclusory allegations of ineffective assistance of counsel, and does not sufficiently state a claim.

Further, although the plaintiff has not included in his relief a prayer for damages, should he amend his complaint, a Public Defender is immune to any suits for damages, as he generally does not act under color of state law. Polk County v Dodson supra. (a defendant in a civil rights action must be acting under color of state law to deprive a plaintiff of his constitutional rights)

Most persuasive, Hochstadt's criminal proceedings remain ongoing, and this Court is prohibited from interfering therein. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger and its progeny, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. See

4

Arkebauer v. Kiley, 985 F.2d 1351, 1357 (7 Cir. 1993).  Resolving the plaintiff's Section 1983 claims would significantly interfere with pending state criminal proceedings, and the plaintiff has not alleged that any extraordinary circumstances exist for interfering with his state case.

Lastly, claims which challenge the constitutionality of the plaintiff's current detention are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement.  Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973).

Moreover, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  Heck applies to suits filed by pretrial detainees. Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996).

Conclusion

It is therefore recommended that this case be dismissed pursuant to Younger supra, and Heck, supra, and 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief

5

may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 22nd July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Andrew Hochstadt, Pro Se
     Ft Lauderdale Main Jail
     Address of Record